UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

JOSE CASTRO,

              Plaintiff,

              -against-

WILLIAM FELICIANO, *et al.*,

              Defendants.

------------------------------------------------

16cv901

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        The United States moves to dismiss the Amended Complaint and Officers William Feliciano and Alvaro Riano move for judgment on the pleadings in this Federal Tort Claims Act ("FTCA") action. For the reasons that follow, Defendants' motions are granted.

## BACKGROUND

        The allegations of the Amended Complaint are accepted as true on this motion. Pro se Plaintiff Jose Castro was incarcerated at the Metropolitan Correctional Center in New York, New York ("MCC") on October 24, 2014. (Am. Compl., ECF No. 86 ("Am. Compl.") at 2.) Around 8:00 a.m. that morning, Feliciano and Riano escorted Castro from the Special Housing Unit ("SHU") M-Tier Shower to his cell on the main floor at "L-Tier Unit 9 South." (Am. Compl. at 2.) During that escort, Feliciano "began acting violently . . . by using excessive force to grab [Castro] while [he] was handcuffed from behind and slammed [him] onto the floor." (Am. Compl. at 3.) Castro's "face hit the ground," causing him to "cut [his] eye wide open." (Am. Compl. at 3.) While on the ground, "Riano placed his foot on [Castro's] back." (Am. Compl. at 3.) Feliciano and Riano then "hit-punched and kicked" Castro while he was down. (Am. Compl. at 3.) Castro claims the incident lasted approximately 16 to 18 minutes.

(Am. Compl. at 3.)  As a result of the incident, Castro received seven stitches above his right eye; sustained severe pain in his legs and arm, pain and swelling in his face, numbness and swelling in his wrists, headaches, and nightmares; and suffers from chronic back problems. (Am. Compl. at 3.)

In view of that incident, Castro brought this action against Feliciano, Riano, the Federal Bureau of Prisons ("BOP"), the Department of Justice, MCC, and Warden Maureen Baird, alleging violations of his federally protected rights while at MCC.  On March 25, 2016, this Court issued an order construing Castro's claims as being brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the FTCA. (See Order of Service, ECF No. 8 ("March 2016 Order") at 1.)  However, this Court sua sponte dismissed Castro's claims against the BOP, MCC, and Warden Maureen Baird, and added the United States as a defendant.  (March 2016 Order at 1, 3.)  Thereafter, and following briefing on Defendants' motion for summary judgment, this Court granted Castro leave to file the Amended Complaint.  (See ECF No. 81.)  In the Amended Complaint, Castro neither included the United States as a defendant nor explicitly asserted a claim under the FTCA.

Accordingly, Feliciano and Riano moved for judgment on the pleadings on the Bivens claims.  However, in Castro's opposition to that motion, he abandoned his Bivens claims and attempted to re-assert his FTCA claim against the United States.  (See Pl.'s Opp. to Defs.' Mot. for J. on the Pleadings, ECF No. 145, at 3 ("Defendant's motion . . . [states that] Plaintiff's claims must still be under Bivens which they clearly are not after this Court's reconstruction of the claims as filed pursuant to the FTCA."), 5 (requesting that "his claims [be] allowed to proceed as claims pursu[a]nt to the FTCA").)  Therefore, the Bivens claims are dismissed and the only matter pending before this Court is the FTCA claim.

2

DISCUSSION

I.  Standard

The United States moves to dismiss for lack of subject matter jurisdiction under Rule 12(h)(3).  (ECF No. 152.)  "Motions brought pursuant to Rule 12(h)(3) are subject to the same standards as motions to dismiss for want of subject matter jurisdiction brought pursuant to Rule 12(b)(1)."  Correspondent Servs. Corp. v. JVW Inv., Ltd., 2004 WL 2181087, at *5 (S.D.N.Y. Sept. 29, 2004), aff'd sub nom. Correspondent Servs. Corp. v. First Equities Corp. of Fla., 442 F.3d 767 (2d Cir. 2006); Bell v. Ramirez, 2014 WL 7178344, at *2 (S.D.N.Y. Dec. 9, 2014).  On such a motion, this Court must "draw all facts—which we assume to be true unless contradicted by more specific allegations or documentary evidence—from the complaint and from the exhibits attached thereto.  In doing so, this Court construes all reasonable inferences to be drawn from those factual allegations in [Castro]'s favor."  Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011) (citations omitted).  In addition, to the extent there are any "jurisdictional facts in dispute," this Court may properly consider evidence outside the pleadings.  Amidax, 671 F.3d at 145; Bell, 2014 WL 7178344, at *2.

In opposing a motion to dismiss for lack of subject jurisdiction, "the plaintiff bears the burden of proving by a preponderance of the evidence that subject-matter jurisdiction exists."  Bell, 2014 WL 7178344, at *2; see Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008), aff'd, 561 U.S. 247 (2010).  However, "when [a] plaintiff proceeds pro se, as in this case, a court is obliged to construe his pleadings liberally."  McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).

3

II. FTCA

"A case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The "United States, as a sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980). Thus, "[t]he doctrine of sovereign immunity is jurisdictional in nature." Makarova, 201 F.3d at 113. As such, Castro must demonstrate an applicable waiver or his suit must be dismissed. Makarova, 201 F.3d at 113.

The FTCA waives the United States' sovereign immunity for common law torts committed by its employees while acting within the scope of their employment. Adekoya v. Fed. Bureau of Prisons, 2009 WL 1835012, at *2 (S.D.N.Y. June 28, 2009); see 28 U.S.C. § 1346. However, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993); Adekoya, 2009 WL 1835012, at *2. Specifically, "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). To exhaust administrative remedies in the prisoners' rights context, "an inmate must file his or her claim with the appropriate BOP Regional Office and then appeal to the BOP General Counsel's Office." Adekoya, 2009 WL 1835012, at *2; Owusu v. Fed. Bureau of Prisons, 2003 WL 68031, at *2 (S.D.N.Y. Jan. 7, 2003); see 28 C.F.R. §§ 543.31, 543.32.

More than three years have elapsed since the alleged incident, and Castro has not filed an administrative claim with the BOP Regional Office. (Decl. of Joy Aassiddaa, ECF No. 153 ("Aassiddaa Decl.") ¶¶ 3–5.) "While . . . pleadings prepared by prisoners who do not have access to counsel [should] be liberally construed, and . . . some procedural rules must give way because of the unique circumstance of incarceration, [the Supreme Court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil, 508 U.S. at 113 (affirming dismissal of FTCA suit where prisoner had failed to exhaust administrative remedies prior to initiating lawsuit, even though he exhausted during the pendency of the litigation). Therefore, Castro's FTCA claim is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants' motions are granted and this action is dismissed. The Clerk of Court is directed to terminate all pending motions and to mark this case as closed. The Clerk of Court is further directed to mail a copy of this Memorandum & Order to Jose Castro. Finally, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: September 6, 2018
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.